824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re K MART CORPORATION.
 Appeal No. 87-1085.
 United States Court of Appeals, Federal Circuit.
 April 13, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (Board), No. 526,315 (Sept. 18, 1986) affirming the Patent and Trademark Office's refusal to register, on the Principal Register, the term "JUNIOR GEAR" as a trademark for boys' clothing is affirmed.
 
 OPINION
 
 2
 We agree with the Board that the term "JUNIOR GEAR" is descriptive as applied to boys' clothing. The trademark examiner refused registration under section 2(e)(1) of the Lanham Act, 15 U.S.C. Sec. 1052(e)(1) (1982), on the ground that the mark is merely descriptive of the goods. A determination of descriptiveness is a question of fact and is not reversible on appeal unless it is clearly erroneous. In re Bed & Breakfast Registry, 791 F.2d 157, 160, 229 USPQ 818, 819 (Fed.Cir.1986); Stock Pot Restaurant, Inc. v. Stockpot, Inc., 737 F.2d 1576, 1578, 222 USPQ 665, 666-67 (Fed.Cir.1984). In this case, K-Mart disclaimed the word "GEAR." The disclaimer is an admission that the disclaimed portion of the compound mark is descriptive. Quaker State Oil Refining Corp. v. Quaker Oil Corp., 453 F.2d 1296, 1299, 172 USPQ 361, 363 (CCPA 1972). The descriptive nature of the remaining word "JUNIOR" for childrens' clothing is amply supported by the record and thus the Board's finding is not clearly erroneous.